PETER MADONNA *et al.*, Plaintiffs-Appellants, *v.* ADELINE GOLICK *et al.*, Defendants-Appellees.

Third District   No. 77-276

Opinion filed June 8, 1978.

Gerald M. Hunter, of Oglesby, for appellants.

Paul Perona, Jr., of Perona & Perona, of Spring Valley, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiffs, Peter Madonna, Angelina Madonna, Arthur Sienza and Rena Sienza, commenced this action in the circuit court of La Salle County to enjoin defendants, Adeline Golick, Leo Golick, Donald Roberson and

Mary Roberson, from parking on an easement for ingress and egress granted to plaintiffs or their predecessors in title. The trial court entered an order which allowed defendants certain limited parking on the easement and plaintiffs appealed. The trial court also denied a counterclaim filed by the Golicks, but no cross-appeal was perfected from that denial.

The basis of this dispute surrounds an "easement for driveway purposes" across real estate owned by defendant Adeline Golick. Leo Golick is her husband and was made a party defendant. The easement across the Golick property provides access to two separate parcels of real estate, one owned by Rena Sienza and the other owned by Peter and Angelina Madonna, husband and wife. Arthur Sienza, now deceased, was dismissed from this suit. Each of the parcels are improved with a residence. A portion of the Golick home was rented to defendants, Donald and Mary Roberson. All parties utilized a portion of the easement as a common driveway. Defendant Adeline Golick and plaintiffs Rena Sienza and Angelina Madonna are all sisters. The three improved parcels are contiguous to one another and were all originally owned by the girls' mother, Giovanna Beneditti. Beneditti conveyed the three parcels at various times with the appropriate provisions contained in the deeds to create the easement in favor of the Madonna and Sienza properties across the Golick property.

The easement is 30 feet in width across the easternmost portion of the Golick property, beginning at the paved street to the south and continuing for 200 feet to the northern boundary of the Golick property. Curbs bound the street and access to the easement from the street is through an opening in the curb approximately 12 feet in width. A portion of the easement is covered with gravel to make it suitable for use as a driveway. Measuring from the eastern edge of the Golick property, the gravel driveway is approximately 12 feet wide at the street entrance and gradually widens to a width of approximately 16 feet. The gravel driveway extends the length of the easement. The remaining portion of the easement to the west of the gravel driveway is covered with grass and is generally unused.

The parties' disagreement involves parking on the easement. Plaintiffs sought to prohibit all parking on the easement, alleging that the Golicks and their tenants had parked their cars in such a manner as to obstruct the driveway. Defendants responded by requesting the trial court to allow the tenants of the Golicks to park two cars on the driveway.

The evidence admitted at trial consisted of the testimony of three witnesses and various exhibits and photographs. Plaintiffs introduced photographs taken over a period of years by Peter Madonna, which portrayed vehicles parking in such a manner as to make travel along the gravel portion of the easement either difficult or impossible. Mr. Madonna

also testified to a variety of occasions on which two or more vehicles were parked in the driveway and impeded, to varying degrees, his ability to drive his car along the driveway to his home. From his testimony, it appears that a car parked along the eastern edge of the easement, but near the street, blocks enough of the curb opening to make entry into the driveway possible only by going over a six-inch curb.

Mary Roberson testified she never saw an obstruction on the easement. At various times she observed two vehicles parked on the east side of the easement and saw a snorkel truck from the power company and a furniture truck pass in and out of the easement. A plat of survey introduced by plaintiffs showed the driveway was 12 feet wide at the street and gradually widened to about 16 feet at a point near the Golick garage.

Adeline Golick testified that she had had tenants parking in the driveway since 1945, and she had never authorized more than two cars to park in the driveway. Several photographs were introduced by defendants which depicted two cars parked in parallel along the easternmost edge of the easement, which Mrs. Golick testified was the proper parking designated for tenants. The width of the cars shown in the photographs were approximately 6½ feet and were parked no closer than 44 feet to the street. According to Mrs. Golick, with the cars parked as shown, there remained at least 14 feet of driveway for a car to travel past the parked vehicles. The plat of survey introduced by plaintiffs shows approximately 16 feet of driveway at this point, leaving 10 feet of room for a car to pass by. No explanation for this discrepancy was ever attempted.

The trial court held that the defendants and their tenants "shall have the right to park not more than two (2) cars far enough North (N) of the sidewalk at the South (S) boundary of the property owned by the defendant, Adeline Golick, to allow ingress and egress to the plaintiffs, Peter Madonna, Angelina Madonna and Rena Sienza." In a separate section of its order, the trial court provided that if certain improvements were to be made, they could be done only by the agreement of the three sisters.

■■ On appeal, plaintiffs contend that the trial court erred when it failed to enjoin defendants from parking on the easement. There is little disagreement between the parties as to the status of the law governing easements, but they differ as to how that law should be applied. Perhaps the most succinct expression of the law applicable to the present facts was stated in *Ogilby v. Donaldson's Floors, Inc.*, 13 Ill. 2d 305, 310, 148 N.E.2d 758, 760-61:

> "The language of the reservation created an unrestricted easement in plaintiffs, as owners of the dominant tenement for use

of the strip as a private alleyway. Such unrestricted reservation carried all rights which are incident or necessary to the reasonable and proper enjoyment of the easement. The defendants on the other hand, as owners of the servient estate, may use their property for any purpose not inconsistent with such reasonable enjoyment. No hard-and-fast rule can be stated as to when the use made by the owner of the servient estate is a reasonable use as distinguished from an unreasonable use. It is a question of fact to be determined from the facts and conditions prevailing."

We believe that parking two vehicles on the easement in the manner ordered by the trial court does not interfere with the reasonable and proper use of the easement by the plaintiffs. We reject any suggestion that an absolute prohibition against parking on the easement was either necessary or proper under the facts and circumstances presented here.

■■ The testimony and exhibits introduced at trial establish that any interference with the dominant tenants use of the easement generally involved parking more than two vehicles or parking too close to the narrow curb opening. Contradictory evidence was introduced as to the room available for safe passage along the driveway when two cars were parallel parked along the eastern edge of the easement. But even using the more conservative survey plat of plaintiffs, with the two cars parked one behind the other along the eastern edge of the easement, there remains a width of 10 feet in the driveway. This is more than sufficient to permit safe and unobstructed passage for an ordinary passenger vehicle. The parking restrictions imposed by the order of the trial court are sufficient to insure that plaintiffs will have unimpeded access to their homes via the easement, while also providing defendants with needed off-street parking.

■■ Though plaintiffs also argue that in so far as parking is concerned, the order lacks sufficient specificity as to the precise location where vehicles may park, we find such arguments unpersuasive. Considering the size of the easement and the limitation restricting parking to only two vehicles, we believe that such specificity was unnecessary and would have unduly restricted proper use of the easement by defendants. The order of the trial court concerning parking on the easement was, in all respects, proper.

Plaintiffs also object to a portion of the order which, in effect, prevents certain improvements on the gravel portion of the driveway and the curb opening without prior agreement by the three sisters. In particular the order states:

> "5. * * * It is further ordered that in the event that there is a repair to the driveway, which shall necessitate removal of the curb and sidewalk immediately to the west (W) of the area shown in

Defendant's Exhibits, it is the Order of this Court that the expense of removal of the curb and sidewalk and the gravelling of a portion which in the Court's judgment should be at least six feet (6′), so as to make an entryway of eighteen feet (18′) shall be done; and it is further ordered that this shall be done only by agreement between the three sisters, Adeline Golick, Rena Sienza and Angelina Madonna; said expense shall be borne by the parties on the same proportionate basis as mentioned above in this paragraph."

■■ We believe the portion of the order above quoted is erroneous and should be vacated. Requiring agreement between servient and dominant tenants as to modification of existing improvements to the easement grants either tenant the unqualified right to unilaterally block those modifications. We believe that neither the dominant nor the servient tenant is entitled to such an absolute right.

■■ Furthermore, we believe the trial court incorrectly granted relief not requested of it. Any relief concerning improvements to the easement was requested by plaintiffs alternatively to relief from improper parking. When the trial court restricted the number of vehicles allowed to park on the easement and their location, it became unnecessary to decide any issue pleaded in the alternative, such as permission to make improvements and to proportion costs. We therefore believe that portion of the trial court's order quoted previously should be vacated.

This litigation is the culmination of a dispute that has been festering for a period of years. With one exception previously discussed, we believe the trial court arrived at an equitable and just solution which gives each party what he or she is entitled to under the law. Whether use of the easement is a source of future litigation is up to the parties concerned, but a minimal amount of cooperation and an honest effort to comply with the lower court's order would go far in preventing further controversy.

For the foregoing reasons the judgment of the circuit court of La Salle County is affirmed in part and vacated in part.

Judgment affirmed in part and vacated in part.

STENGEL, P. J., and SCOTT, J., concur.